IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNIE PEREZ,

    Plaintiff,

  v.

WARREN ROBERTS, et al.,

    Defendants.

Case No. 6:22-cv-01868-AN

ORDER

NELSON, District Judge.

  This prisoner civil rights case comes before the Court on Plaintiff's Motion for Preliminary Injunction (#49). In his Motion, Plaintiff asks the Court to: (1) order Defendants to immediately schedule him for an MRI at a specific Providence hospital location; and (2) require Defendants to provide medical treatment at Providence for any medically necessary care that might be indicated by the MRI. In the alternative, Plaintiff asks that the Court require Defendants to allow him to seek medical care at Providence at his own expense.

  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

1 - ORDER

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

  Plaintiff asserts that although prison officials approved him for an MRI in June of this year, the MRI still has not been scheduled. He expresses concern about this delay, and also expresses a fear that "he may be sent to a different provider (other than Providence Neuroscience) for the MRI." Motion (#49), p. 3. There are several problems with Plaintiff's request for an injunction in this case.

  First, a preliminary injunction is not necessary in order for Plaintiff to obtain an MRI. Defendants have agreed to schedule an MRI for Plaintiff with a provider who has a contractual relationship with the Oregon Department of Corrections ("ODOC"). Defendants represent that "[w]ithout further action from the Court, ODOC will schedule plaintiff for his MRI with the next available provider, and Plaintiff can accept or refuse to go." Response (#53), p. 4.

  At least up until this point, however, Plaintiff has refused to accept any care unless it is provided at Providence. Motion for Prelim. Inj. (#49), pp. 3-4; Boyd Declaration of Allie Boyd (#54), Exhibit 2. Defendants are unable to agree to such an arrangement because ODOC "does not have the authority or power to make any outside provider see AICs. ODOC can request and refer care, but we cannot guarantee that you will receive a specific treatment from a provider

2 - ORDER

outside of ODOC control." *Id.,* Exhibit 3, p. 1. Because Plaintiff will receive an MRI without any action by this Court, a preliminary injunction is only potentially required if Plaintiff is constitutionally entitled to have his MRI performed only at the location of his preference, *i.e.,* Providence. As will be evident from the below, Plaintiff has no such right.

A prisoner establishes an Eighth Amendment claim if he is able to show that a state actor was deliberately indifferent to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The Eighth Amendment does not entitle a prisoner the right to choose his own course of treatment or his preferred medical provider. *Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004. Plaintiff's disagreement with ODOC medical personnel about the appropriate place for his MRI, and his skepticism about having his MRI read remotely by an ODOC-contracted provider, amount to a medical disagreement between a prisoner and medical provider. Such a disagreement does not give rise to a constitutional violation. *See, e.g.*, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal.*, 427 F.2d 160 (9th Cir. 1970). This is true even if the medical opinions of the providers within his institution amount to medical malpractice or gross negligence. *Toguchi*, 391 F.3d at 1060; *Broughton v. Cutter Lab*., 622 F.2d 458, 460 (9th Cir. 1980).

More fundamentally, Plaintiff and Defendants already agree that an MRI is medically indicated. This is therefore not even a case about a disagreement regarding the course of medical treatment. Instead, the parties are simply at odds with respect to the location of the MRI and any follow up treatment that might result from that imaging. Plaintiff's insistence that his medical

treatment occur only at a singular Providence location does not garner Eighth Amendment protection, thus his likelihood of success on the merits of such a claim is low.

Turning to whether Plaintiff has established a likelihood that he will suffer irreparable injury in the absence of an injunction, he claims that he has experienced ongoing chronic back pain for the past 10 years and "is likely to suffer irreparable harm because the difference between getting treatment and not getting treatment is narrow and it hangs in the balance." Motion (#49), p. 4. He believes that "the risk to his life or other significant permanent injury is the highest it has ever been and getting worse." Reply (#57), p. 3. Plaintiff's suspicion that his chronic back pain might worsen to a significant degree in the near future does not point to an identifiable risk of irreparable injury. Moreover, the crux of Plaintiff's Motion for Preliminary Injunction is that he desires an order requiring Defendants to utilize a particular provider for his MRI because he is skeptical regarding the care any contracted ODOC provider might render. This does not present a risk of irreparable injury in the absence of a preliminary injunction because Plaintiff has the ability to proceed with an MRI through an ODOC-contracted provider. His speculation that such an MRI might not lead to care on the level of what he imagines he would receive at Providence is not sufficient to establish a likelihood of irreparable injury in the absence of a preliminary injunction.

Beyond Plaintiff's failure to establish a likelihood of irreparable injury in the absence of an injunction, as well as the fact that he has a low likelihood of success on the merits of his claim, the balance of equities and public interest both weigh in Defendants' favor. Requiring Defendants to utilize a private provider for an MRI, due mainly to Plaintiff's suspicion that he might receive an elevated level of treatment outside of an ODOC-contracted facility, would be

unduly burdensome given that Defendants are ready, willing, and able to obtain an MRI for Plaintiff through ODOC-contracted facilities. Any injunction requiring them to utilize a non-contracted provider in the circumstances of this case would be needlessly burdensome. For all of these reasons, Plaintiff's Motion for Preliminary Injunction is denied.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#49) is denied.

IT IS SO ORDERED.

11/12/2024
DATE

Adrienne Nelson
United States District Judge

5 - ORDER